**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN**

**JUNIOR RAY CRAFTON**                                                                                   **PLAINTIFF**

**v.**                                                                         **CIVIL ACTION NO. 1:08-CV-123-R**

**JOSH EARL et al.**                                                                                     **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Junior Ray Crafton, filed a *pro se*, *in forma pauperis* complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed for lack of subject-matter jurisdiction.

### I. SUMMARY OF CLAIMS

Plaintiff files his complaint on a court-supplied general complaint form. It is not a model of clarity. He states the grounds for filing his complaint as "false subpoena, false charges, false imprisonment, withholding evidence, and still is? Changed a date something was supposed to happen, and making me pay for something I did not do. . . ." He sues Josh Earl; prosecuting attorney Darris Russel; Attorneys Brent Yonts and Charles R. Elhschide; and Judge Brian Wiggins. He states that Josh Earl "put false charges" on him and that County Attorney Darris Russell had a false subpoena served on Plaintiff's friend and "put false charges" on him. He alleges that Attorneys Yonts and Elhschide committed malpractice while representing him on the "false" charges. He alleges that Judge Brian Wiggins "denied me of statements and knowing that they changed the date."

### II. ANALYSIS

"Because federal courts are courts of limited jurisdiction, the plaintiff must establish

subject matter jurisdiction." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). Federal courts hear only cases allowed under the Constitution or cases which Congress has entrusted to them by statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

Jurisdiction in this Court may be premised on a federal question. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Although not a model of clarity, Plaintiff has made no allegations of violations of the United States Constitution or federal law.[1] Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*,

---

[1] Even reading the complaint liberally to raise allegations under 42 U.S.C. § 1983, *see Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), Plaintiff's complaint would have to be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A judge performing judicial functions is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Similarly, any allegations of violations of federal rights by prosecuting attorney Darris Russell would also have to be dismissed. *Lomaz v. Hennosy*, 151 F.3d 493 (6th Cir. 1998). There is nothing in the complaint to suggest that Josh Earl is a state actor, a necessary requirement for an action under § 1983. *See Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 620 (1991). Moreover, defense counsel, like Yonts and Ehlschide, while acting in that capacity, are not state actors for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

775 F.2d 1274, 1278 (4th Cir. 1985).  Consequently, jurisdiction in this case cannot be premised on federal-question jurisdiction.

Jurisdiction for Plaintiff's complaint, which contains only state-law claims, cannot be premised on the diversity statute, 28 U.S.C. § 1332(a), as there is no diversity of citizenship between the parties.  Under the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . ."  28 U.S.C. § 1332(a)(1).  "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S.365, 373 (1978).  Plaintiff, however, neither claims that the action exceeds $75,000 nor demonstrates that he and Defendants are citizens of a State other than Kentucky.  Plaintiff's address and Defendants' addresses are all in Kentucky.  Consequently, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

### III. CONCLUSION

Since Plaintiff has failed to establish this Court's jurisdiction, the instant action must be dismissed.  *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The Court will enter an Order consistent with this Memorandum Opinion.

Date:


cc:     Plaintiff, *pro se*
        Defendants
4413.009